# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20593
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
May 16, 2017

Lyle W. Cayce
Clerk

JOHN SCOTT,

Plaintiff-Appellant

v.

BILLY PIERCE, Chaplain-Director-Texas Department of Criminal Justice;
AKBAR SHABAZZ, Chaplain-Texas Department of Criminal Justice; KEITH
THEDFORD, Chaplain-Texas Department of Criminal Justice; TRACY
BAILEY, Warden-Texas Department of Criminal Justice; BREWER, Warden;
VANCE DRUM,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3572

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

John Scott, Texas prisoner # 806296, is a practitioner of Islam and, in

particular, an adherent of the Moorish Science Temple of America sect of

Islam. While in the custody of the Texas Department of Criminal Justice's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-20593

Estelle Unit, Scott filed a 42 U.S.C. § 1983 lawsuit alleging that the prison's religious programming policies violated his rights under the First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq. The district court granted the defendants' motion for summary judgment, denied Scott's motion for summary judgment, and dismissed his lawsuit with prejudice.

We review the grant of a motion for summary judgment de novo. *Haverda v. Hays County*, 723 F.3d 586, 591 (5th Cir. 2013). "The First Amendment . . . is violated when prisoners are not afforded 'reasonable opportunity' to exercise their religious beliefs." *Davis v. Davis*, 826 F.3d 258, 265 (5th Cir. 2016). "RLUIPA imposes a higher burden than does the First Amendment in that the statute requires prison regulators to put forth a stronger justification for regulations that impinge on the religious practices of prison inmates." *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 612 (5th Cir. 2008). Under RLUIPA, "[n]o government shall impose a substantial burden on [an inmate's] religious exercise . . . unless [it] demonstrates that imposition of the burden on that person -- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that . . . interest." 42 U.S.C. § 2000cc-1(a).

In view of Scott's conclusional allegations and the defendants' summary judgment evidence, we conclude that the district court did not err in granting summary judgment in favor of the defendants. Accordingly, the district court's judgment is AFFIRMED.